JOURNAL ENTRY AND OPINION
Plaintiff-appellant Marijana Basista appeals from the denial of her petition for domestic violence against defendant-appellee Ronald Basista, her former husband, by the Domestic Relations Court. Plaintiff claims the trial court erred in denying the petition and in ruling prior to the close of evidence. We find no error and affirm.
This appeal arises out of an alleged incident on March 14, 1999 when defendant/husband was returning the couple's minor daughter (Nikki-age 6) to plaintiff/wife after the child's usual weekend visitation with him.
Mrs. Basista testified that during the drop-off defendant made an unprovoked attack on her when she inquired why the child had not worn her eye patch over the weekend. She claims he struck her in the face with his fist and then with a big doll causing bleeding and dizziness.
According to Mr. Basista's testimony, the exchange of the minor daughter from defendant to plaintiff lasted less than two minutes and was uneventful. Mr. Basista helped his daughter exit the car around 7:00 p.m. on March 14, 1999, and he gathered up her personal belongings from the weekend, including a large doll. As Nikki approached her mother who was waiting in the driveway, Mr. Basista walked from the car carrying the personal items. An argument ensued over whether Nikki wore her eye patch that weekend. Mrs. Basista was irate because Nikki wore her eye patch Sunday but not on Saturday. As Mr. Basista handed the large doll to Mrs. Basista, she shoved the doll back at him hitting him in the chin. Rather than get into an argument with her, Mr. Basista testified that he simply dropped the toy that was in his hand and walked to his car and drove to the police department with an audio tape of the confrontation.
Defendant produced the audio tape which showed that the entire exchange lasted approximately one and one-half to two minutes. Defendant had made a habit of recording the exchange of the minor daughter with the plaintiff in order to protect himself from unwarranted accusations.
On the day in question, plaintiff claimed the defendant swore at her and struck her over her inquiry about the child not wearing her eye patch. Defendant denied he struck or swore at her. The audio tape did not reveal any swearing or signs of a fight.
Immediately after the exchange of the daughter, defendant testified he went to the University Heights Police Department where a Sergeant Orians met with him, interviewed him and listened to the audio tape.
Sgt. Orians testified that at approximately 7:00 p.m., the University Heights Police Department had received a 911 hang-up call and, pursuant to department policy, had called back and spoke with plaintiff. After interviewing defendant at the police station and listening to the audio tape, Sgt. Orians went to plaintiff's home and spoke with her. This was approximately twenty minutes after the alleged incident. In his testimony, he remarked that he observed no marks on her left cheek or nose, indicative of an attack.
We will address the assignments of error in the order presented.
 I. THE TRIAL COURT ERRED BY DENYING THE PETITION FOR DOMESTIC VIOLENCE.
Plaintiff claims that the trial court erred by denying her petition for domestic violence. The only reason asserted for the alleged error appears to be plaintiff's contention that her version of the exchange episode was more credible than her ex-husband's. This is another way of saying that the trial court's findings were against the weight of the evidence.
In judging the weight of the evidence, we are guided by the general proposition in Conkle v. Wolfe (1998), 131 Ohio App.3d 375,383:
 We presume that the findings of the trial court are correct, because the trial court can view the witnesses and weigh the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Thus, we will not reverse the trial court's decision for being contrary to the manifest weight of the evidence if the judgment is supported by some competent, credible evidence going to the essential elements of the case. Felton v. Felton (1997), 79 Ohio St.3d 34, 42; C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
The evidence presented at trial indicates that the trial court's judgment finding that Mr. Basista did not commit domestic violence is supported by competent, credible evidence.
This evidence includes the testimony of Mr. Basista himself where he specifically denies striking Mrs. Basista or using any foul language toward her or the police. This is corroborated in part by the testimony of Sgt. Orians who interviewed Mr. Basista before going to Mrs. Basista's home and who listened to the audio tape immediately following the incident itself. The audio tape of the exchange confirmed Mr. Basista's denials of domestic violence. Further, Sgt. Orians observed no injuries or marks on Mrs. Basista indicative of an assault.
The record further reveals inconsistencies in Mrs. Basista's testimony which could cause the factfinder to doubt her veracity. She repeatedly alleged that Mr. Basista used vulgar and profane language toward her and the police during the child exchange. However, such profanity does not appear on the audio tape of the exchange and was further specifically denied by Mr. Basista during the full hearing.
Given the deference we must show to the trial court's findings, we hold that there was sufficient evidence to support the trial court's ruling. It cannot be said that the trial court's findings were against the manifest weight of the evidence.
Assignment of Error I is overruled.
 II. THE TRIAL COURT ERRED IN RULING PRIOR TO THE CLOSE OF EVIDENCE.
Plaintiff claims she was denied due process because the trial court issued its opinion on April 5, 1999 without allowing plaintiff to complete her rebuttal by challenging the integrity of an audio tape that defendant made at the scene of the altercation. Plaintiff contends the altercation lasted much longer than the audio tape recorded, thereby suggesting it may have been altered. The court noted this objection and allowed plaintiff to remove the audio tape to seek to have it examined for tampering. However, Mr. Basista's counsel requested the court to limit the time allowed to examine the tape as his client's visitation was halted pending the trial court's decision. The trial court therefore stated that it would make a decision in the case on April 5, 1999 and that plaintiff's report as to the audio tape was to be submitted by that date. No report was ever submitted.
Both parties were apprised of this date and no objection or request for continuance was made. Since no such report was submitted by the date set by the court, the trial court did not abuse its discretion in issuing its decision based on the evidence it had heard. We see no error in the trial court's entry of judgment for the defendant.
Assignment of Error II is overruled.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ JAMES M. PORTER, JUDGE
O'DONNELL, P.J., and BLACKMON, J., CONCUR.